OPINION
Appellant, George Woods, Sr., appeals from the judgment of the Lake County Court of Common Pleas, convicting him of aggravated robbery with a firearm specification, in violation of R.C. 2911.01 and R.C. 2941.145; and theft with a firearm specification, in violation of R.C. 2913.02 and R.C. 2941.145.
On January 25, 1999, at approximately 10:30 a.m., two officers from the Willoughby City Police Department were dispatched to the Check Into Cash store at the corner of Robinhood Drive and Route 20 to investigate a report of an armed robbery. When they arrived at the scene, the manager of the store described the suspect as a black male wearing a black hooded jacket and a black ski mask. While the Willoughby officers were investigating the scene of the robbery, Sergeant Planisek from the Willoughby Hills Police Department, who was on patrol on Route 91 in Willoughby Hills, heard a radio broadcast advising officers on duty to look for an armed robbery suspect, a black male wearing a dark ski mask and a dark hooded nylon jacket, who had fled on foot out the back door of the Check Into Cash store on Robinhood Drive in Willoughby.
Anticipating that the suspect had access to a vehicle and might flee by way of Interstate 90, Sergeant Planisek drove to a gas station located at the intersection of Route 91 and Route 84, which is a few hundred feet from the entrance to the interstate, and parked his patrol car to watch for the suspect. While waiting in the gas station parking lot, the sergeant observed a black vehicle driven by appellant, a black male wearing a green coat with a fur collar and a black stocking cap, turn westbound on Route 84 and then turn southbound on Route 91. As the vehicle passed the patrol car, appellant put his hand up to his face and looked away.
Sergeant Planisek pulled out of the gas station parking lot and began to follow appellant. After running the vehicle's license plate number through LEADS, the sergeant learned that the owner of the vehicle lived in Richmond Heights. Sergeant Planisek continued to follow appellant as he entered I-90, traveling westbound in the righthand lane. Where the left lanes of I-90 split into I-271, appellant crossed two lanes of traffic and headed southbound on I-271. As the sergeant followed directly behind appellant, he observed appellant remove his stocking cap and lean down to place something under the passenger seat. At that point, even though appellant had not commited any traffic violations, Sergeant Planisek stopped his vehicle.
The sergeant asked appellant for his driver's license, told him that he matched the description of an armed robbery suspect, and asked him where he had just been. Appellant responded that he had been looking at cars at a dealership in Willoughby. The sergeant waited for back-up to arrive and when it did, they asked appellant to exit the vehicle. While one of the officers was conducting a pat-down search of appellant, Sergeant Planisek walked to the passenger side door and looked in the window. He saw a dark nylon jacket, a ski mask, a gym bag, and surgical gloves lying on the floor of the car. When asked, appellant told the officers that he had a gun in the gym bag. Within a few minutes, officers from the Willougby Police Department arrived and transported appellant to the police station.
On March 8, 1999, appellant was indicted by the Lake County Grand Jury on one count of aggravated robbery with a firearm specification, in violation of R.C. 2911.01 and R.C.2941.145; and one count of theft with a firearm specification, in violation of R.C. 2913.02 and R.C. 2941.145. Appellant subsequently filed a motion to suppress evidence, which was denied after hearing. On May 19, 1999, appellant pled no contest and was sentenced on June 21, 1999. From this judgment, appellant assigns the following error:
 "[1.] The trial court erred to the prejudice of the defendant-appellant when it denied his motion to suppress evidence obtained as a result of an illegal seizure.
 "[2.] The trial court erred to the prejudice of the defendant-appellant when it denied his motion to suppress the statement obtained in violation of his right against self-incrimination and his right to remain silent."
In his first assignment of error, appellant alleges that the trial court erred by refusing to grant his motion to suppress. Appellant contends that Sergeant Planisek's stop of his vehicle was not justified by reasonable suspicion based on specific and articulable facts. Appellant asserts he should not have been stopped because, other than his race, he did not fit the description of the robbery suspect.
In order to conduct an investigative stop of a motor vehicle, a police officer must have an articulable and reasonable suspicion that the motorist is engaged in criminal activity or is operating his vehicle in violation of the law. Delaware v. Prouse
(1979), 440 U.S. 648, 663, 99 S.Ct. 1391. Reasonable suspicion connotes something less than probable cause, but something more than an "inchoate and unparticularized suspicion or `hunch.'"Terry v. Ohio (1968), 392 U.S. 1, 28, 88 S.Ct. 1869. The propriety of an investigative stop is to be viewed in light of the totality of the circumstances. State v. Bobo (1988), 37 Ohio St.3d 177,524 N.E.2d 489, paragraph one of the syllabus.
At the suppression hearing, Sergeant Planisek testified that he stopped appellant because he matched the description of the suspect and made furtive gestures. The state contends that these facts constitute reasonable suspicion supporting the stop; however, we do not agree. The radio broadcast received by the sergeant described the suspect as a black male wearing a dark nylon hooded jacket and black ski mask who had fled the scene on foot. Other than being a black male, appellant did not fit the description of the suspect; he was wearing a green coat with a fur collar, not a black hooded nylon jacket. The sergeant's decision to look for the suspect near the entrance to I-90 was based on his hunch that the robber's most likely means of escape would be via the highway. He was not informed that the suspect was traveling in a car and he did not receive a description of the vehicle. That appellant put his hand to his face and looked away when he passed the sergeant patrol car is not a furtive gesture. Many law abiding citizens do not look a police officer in the eye when they pass a patrol car. Taking a hat off while driving in the middle of the winter is also not a furtive gesture. Appellant did not act suspiciously while Sergeant Planisek followed him and did not commit any traffic violations.
The sergeant's decision to stop appellant was based on a hunch that appellant was the perpetrator of the armed robbery. Because the stop was not suppported by reasonable suspicion, the trial court erred by refusing to grant appellant's motion to suppress evidence. Appellant's first assignment of error has merit.
We do not need to address appellant's second assignment of error because it is rendered moot by our conclusion that the evidence stemming from the illegal stop of appellant should have been suppressed.
Based on the foregoing, the judgment of the Lake County Court of Common Pleas is reversed and remanded.
 _________________________ JUDGE ROBERT A. NADER
FORD, P.J., CACIOPPO, J., Ret., Ninth Appellate District, sitting by assignment, concur.